Robert **PETRELLI**, Plaintiff,

v.

**CITY OF MOUNT VERNON**, Defendant.

No. 91 Civ. 4784 (KTD).

United States District Court,
S.D. New York.

June 24, 1992.

---

Law Offices of David J. Sutton (Stuart M. Steinberg, of counsel), Garden City, N.Y., for plaintiff.

Rains & Pogrebin, P.C. (Ernest R. Stolzer, of counsel), Mineola, N.Y., for defendant.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff Robert Petrelli commenced this action for damages and injunctive relief, pursuant to the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. §§ 621–634, against defendant the City of Mount Vernon ("Mount Vernon").[1] Both parties now move for summary judgment pursuant to Fed.R.Civ.P. 56.

### FACTS

The facts are not in dispute. In response to an official announcement,[2] Petrelli applied for a position as a police officer with the Mount Vernon Police Department. He was 40 years old at the time.[3] By letter

---

[1] By his complaint, filed on October 6, 1989 in the Eastern District of New York, Petrelli seeks a mandatory injunction requiring Mount Vernon to employ him permanently as a police officer, $1 million in compensatory and liquidated damages, $3 million in punitive damages, attorney's fees and costs.

On April 11, 1991, Mount Vernon filed its answer. By stipulation of the parties, this action was transferred to the Southern District of New York on July 15, 1991.

[2] The announcement stated: "[p]ursuant to the Age Discrimination in Employment Act, there is no *maximum* age limitation required by the

City of Mount Vernon." Plaintiff's Exhibit D (hereinafter "Exh. ___") at 2 (emphasis in original).

[3] Petrelli received a B.A. from Long Island University in 1971. From February, 1972 to August, 1973 he was a Deputy United States Marshal in the United States Federal Court. He became a Uniformed Court Officer at the Queens County Criminal Court in August, 1973, and remained there until June, 1976, when he was promoted to Senior Court Officer. In June, 1983, Petrelli was promoted to his present position as Senior Court Clerk for the Office of

dated October 3, 1985, Mount Vernon informed Petrelli that he passed the written test, with a score of 97 per cent. Exh. E. On May 20, 1986, Petrelli was notified that he had passed the physical agility test and that he had been placed on the list of those eligible for employment as a police officer. Exh. G. On February 3, 1987 Mount Vernon's Municipal Civil Service Commission (the "Commission") informed Petrelli that his name was being removed from the eligibility list because he was "past the [eligible] age limit [of 21 to 29 years]".[4] Exh. H. By letter to the Commission dated February 10, 1987, Petrelli protested the decision removing him from the eligibility list. Exh. I.

Petrelli then wrote to the United States Equal Employment Opportunity Commission (the "EEOC"), which, by letter dated March 16, 1987, informed Petrelli that he could file a charge alleging age discrimination if he suspected that he had been a victim of discrimination. The letter explained that, pursuant to recent amendments to the ADEA, in certain cases, "a state or local police department can require that all applicants be younger than a certain age.... However, *the age limitation must have been in effect under state or local law on March 3, 1983.*"[5] Exh. L (emphasis added).

Petrelli then endeavored to determine if Mount Vernon's age limitation was in effect on March 3, 1983. On April 23, 1987, he wrote to the New York State Department of Civil Service (the "Department")

asking whether the age limits on the hiring of police officers in New York State under Civil Service Law § 58[6] were in effect on March 3, 1983. The Department informed Petrelli that "[f]or a period of time enforcement of Section 58 of the Civil Service Law which establishes the age requirements was suspended. However, the statute remained in effect." Exh. N. After further inquiries from Petrelli, *see* Exhs. O and P, the Department explained that the maximum age requirement had been challenged in a series of court cases beginning in 1981 and that "[i]n the years of litigation[,] Section 58 requirements continued to be in effect. Because of pending appeals and court orders[,] candidates over age 29 were allowed to participate in examinations and in fact receive appointments." Exh. Q.

On September 14, 1988, pursuant to a Freedom of Information Act request, Mount Vernon informed Petrelli by letter that it "lifted its maximum age requirement in or about September, 1981," and reinstated it on January 1, 1987. The letter went on to state that "at the time you took the police officers exam in or about 1985, the City of Mount Vernon was not enforcing the maximum age requirement, however, by the time your eligibility for appointment was being considered in 1987, State Law required that the maximum age requirements be reinstated." Exh. V.

By letter dated September 16, 1988 Petrelli demanded that his name be restored to the eligible list. Exh. T. Mount Vernon responded, by letter dated October 3, 1988,

---

Court Administration for New York State. Petrelli Aff. at ¶¶ 5–7.

**4.** The letter informed Petrelli that a recent federal court decision and a recent amendment to the ADEA had reestablished the age provisions of the state law requiring all appointees to be between the ages of 21 and 29.

**5.** The letter went on to explain: "[i]f the state or local law has been changed since March 3, 1983, the employer can revive the prior restrictions. However, if there were no restrictions in place on that date, an employer cannot adopt them now. Similarly, an employer cannot impose more stringent restrictions than were in place on March 3, 1983, e.g., if there was an age 35 hiring limit in effect on March 3, 1983, the

employer cannot now seek to impose an age 30 limit."

**6.** Section 58 provides, in relevant part, that:
no person shall be eligible for provisional or permanent appointment ... as a police officer of any police force, or police department of any county, city, town, village, housing authority or police district unless he shall satisfy the following basic requirements:
(a) he is not less than twenty nor more than twenty-nine years of age, provided, however, that the time spent on military duty or on terminal leave, not exceeding a total of six years, shall be subtracted from the age of any applicant who has passed his twenty-ninth birthday....
N.Y.Civ.Serv.Law § 58(1)(a).

stating: "you were candidate # 55. . . . [y]ou were disqualified because you were over age 29. Candidate # 56 who was *not* over age 29 was appointed." Exh. U (emphasis in original).

Petrelli filed a charge of age discrimination with the EEOC on December 29, 1988. Exh. W. On March 17, 1989, the EEOC wrote to Mount Vernon and advised it of the following:

It is Mr. Petrelli's allegations [sic] that the Mount Vernon Department of Civil Service committed an unlawful employment practice because of his age (41) by refusing to appoint him to the position of Police Officer after he had successfully met all requirements for the position and that this constitutes a violation of the [ADEA].

Through the passage of the new amendments to the ADEA, Congress created certain protection for younger individuals. Specifically, with regard to the hiring of law enforcement officers, it is not unlawful for a state or local governmental employer to impose a maximum hiring age. However, in order to do so the age limitation imposed must have been in effect under state or local law on March 3, 1983. If the maximum age requirement for the hiring of police officers had been in effect on or after March 3, 1983 and then had been eliminated[ ] and subsequently reimposed, it would not be a violation of the ADEA. However, *since the maximum age requirement has been previously eliminated by the Mount Vernon Civil Service Commission in September 1981, it is a violation of the ADEA to reimpose it now.*

Exh. Y (emphasis added).

Subsequently, the EEOC District Director issued its determination. The District Director stated: "I have determined that [the City of Mount Vernon Civil Service Commission's] maximum age require-

ment is a violation of the ADEA, in that it discriminates against persons forty years of age and over." Exh. Z. After efforts to conciliate Petrelli's charge were unsuccessful,[7] the EEOC notified Mount Vernon that it was terminating its investigation.[8] Exh. AA.

## DISCUSSION

Summary judgment is proper only where the movant shows that there is no genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In determining whether there is a genuine issue of material fact, the court must construe the evidence and draw all inferences in favor of the nonmovant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). To defeat a properly asserted summary judgement motion, however, the nonmovant must demonstrate the existence of material issues of fact to be resolved at trial on the merits. *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir.1986). Moreover, in meeting its burden of proof, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Petrelli argues that he has established a *prima facie* case of unlawful discrimination, and that he is entitled to summary judgment because Mount Vernon can neither rebut the presumption of discrimination raised by his *prima facie* showing nor articulate a legitimate non-discriminatory reason for rejecting him.

Mount Vernon does not deny that it refused to consider Petrelli for a police officer's position because of his age. It con-

---

**7.** *See* 29 U.S.C. 626(d) ("Upon receiving [an age discrimination charge], the [EEOC] shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any unlawful practice by informal methods of conciliation, conference and persuasion.")

**8.** The letter went on to state "[t]he fact that the Commission has terminated its investigation does not certify that your organization is in compliance nor does it affect the rights of any affected parties to file suit against you under the [ADEA]." Exh. AA.

tends, however, that: (1) its refusal to hire Petrelli was not illegal age discrimination because its actions were in conformity with the requirements of the ADEA, and (2) Petrelli's failure to timely file a charge of discrimination with the EEOC bars him from bringing this action. I will consider each of these arguments in turn.

■ New York Civil Service Law section 58, enacted in 1965, bars applicants who have reached their twenty-ninth birthday from commencing employment with any police force in the state. *See supra* note 6. The ADEA, enacted in 1967, makes it unlawful for an employer to refuse to hire any individual because of that individual's age. *See* 29 U.S.C. § 623(a); *see also* 29 U.S.C. § 631 (setting out age requirements of persons protected under ADEA).[9] In *Hahn v. City of Buffalo,* 770 F.2d 12 (2d Cir.1985), the Second Circuit held that the ADEA barred New York from applying section 58(1) to individuals between the ages of 40 and 70.[10] The *Hahn* court confined its ruling to those individuals covered by the ADEA, and did not reach the issue of whether New York could still apply section 58(1) to those not protected under ADEA, i.e., individuals between the ages of 29 and 39. *Id.; see also Doyle v. Suffolk County,* 786 F.2d 523 (2d Cir.) (discussing *Hahn,* and holding that section 58(1), when applied to individuals between the ages of 29–39, does not violate equal protection

clause), *cert. denied,* 479 U.S. 825, 107 S.Ct. 98, 93 L.Ed.2d 49 (1986).

Effective January 1, 1987, Congress amended the ADEA to allow age discrimination in the hiring of police officers. 29 U.S.C. § 623(j) permits a state or local governmental employer to refuse to hire an individual on account of age if such action is taken "with respect to the employment of an individual as ... a law enforcement officer and the individual has attained the age of hiring ... in effect under applicable State or local law on March 3, 1983...." Thus, only employers who had such a maximum age requirement "in effect" on March 3, 1983 may now impose that requirement. The central issue in this action is whether there was a maximum age requirement in effect in Mount Vernon on that date.

The record clearly indicates that Mount Vernon had no maximum age requirement on March 3, 1983. The very announcement which prompted Petrelli to apply for his position stated that "there is *no maximum age limitation required* by the City of Mount Vernon." Exh. D (emphasis added). Further, Mount Vernon admitted to Petrelli that it *"lifted its maximum age requirement in or about September 1981"* and reinstated it on January 1, 1987. Exh. V (emphasis added). Thus, I need look no further than Mount Vernon's very own actions and representations to Petrelli to find that no maximum age requirement was in effect in Mount Vernon on March 3, 1983.[11]

**9.** Until January 1, 1987, the ADEA prohibited age discrimination against all those between the ages of forty and seventy. Effective January 1, 1987, it was amended to eliminate the maximum age limitation of seventy. *See* 29 U.S.C. § 631.

**10.** Prior to *Hahn,* three district courts in this Circuit held that Section 58(1)(a) did not violate the federal equal protection clause, while one district court held that it did. *See Hahn v. City of Buffalo,* 596 F.Supp. 939, 943 (W.D.N.Y.1984), *aff'd,* 770 F.2d 12 (2d Cir.1985).

**11.** Mount Vernon argues that "[l]etters written to [Petrelli] by the New York State Civil Service Commission, in response to his inquiries, specifically state that the maximum age requirements of Civil Service Law § 58(1)(a) were in effect on March 3, 1983." Defendant's Memorandum at 6–7. *See also* Exhs. N and Q. However, I prefer to rely on Mount Vernon's own representations that the age limitation was not in effect

rather than the state commission's blanket assertion that section 58 was in effect throughout the state on March 3, 1983.

Mount Vernon additionally argues that, regardless of its representations to Petrelli and others, it did not have the authority to waive the requirements of section 58, a law duly enacted by the state legislature and therefore superior to Mount Vernon's rules. However, Mount Vernon admits that during the period when it viewed the age restrictions as suspended, the city hired police officers over the age of 29. *See* Exh. V ("at the time you [Petrelli] took the police officers exam in or about 1985, the City of Mount Vernon was not enforcing the maximum age requirement"). Mount Vernon cannot have it both ways. It cannot abide by a policy and a practice for over five years and now argue that it never had the authority to institute that policy and practice.

Mount Vernon also argues that Petrelli is barred from bringing this action under the ADEA because his December 29, 1988 filing with the EEOC was not timely.[12] Mount Vernon argues that the limitations period started to run on February 3, 1987, when Petrelli was informed by letter that he was being removed from the eligible hiring list because of his age. Because Petrelli's EEOC complaint was not filed until approximately 695 days after receipt of that letter, Mount Vernon argues, Petrelli is barred from bringing this action. The argument is without merit. First, Petrelli did not become aware that he had a *prima facie* case of age discrimination until October 3, 1988 when he first learned that he had been passed over and that his position went to a younger candidate. *See Economu v. Borg–Warner Corp.*, 829 F.2d 311, 315–16 (2d Cir.1987) (indicating that limitations period begins to run when party "received notice sufficiently definite to permit him to make out a *prima facie* case of age discrimination").

Second, both Petrelli's EEOC filing and his complaint here sufficiently allege a continuing violation of the ADEA.[13] *See Miller v. Int'l Tel. and Tel. Corp*, 755 F.2d 20, 25 (2d Cir.), *cert. denied*, 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985) (when person refused employment pursuant to continuous practice and policy of discrimination, limitations period may be delayed until last discriminatory act in furtherance of practice; violation must be clearly asserted in EEOC filing and in complaint). Indeed, Mount Vernon does not dispute that, pursuant to its reading of relevant law, its present policy and practice is now to deny employment to applicants over 29 years of age.

Further, because it may well be that the timely filing of a complaint with the EEOC is not a jurisdictional requirement, the limitations statute is subject to equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982). The record indicates that Petrelli diligently investigated his claim and actively pursued his rights throughout the relevant time period in an effort to resolve his dispute with Mount Vernon. Petrelli's persistent efforts to convince Mount Vernon that it was misapplying the relevant law certainly put Mount Vernon on notice that litigation was a possibility. Hence, Mount Vernon suffers no prejudice in defending this action. *See Snell v. Suffolk County*, 782 F.2d 1094, 1101 (2d Cir.1986) (purpose of filing requirement is to convey prompt notice to defendant, thereby encouraging conciliation). Petrelli should not be penalized for these efforts.

For the foregoing reasons, Petrelli's motion for summary judgment is granted. Petrelli is to submit order, judgment and decree on five (5) days' notice within ten (10) days of the date of this order.[14]

**12.** No civil action based on a claim of age discrimination may be brought in federal court unless the claim was filed with the EEOC within the applicable time period. Under the ADEA, a victim of age discrimination in New York must file his charge with the EEOC within 300 days after the alleged discriminatory practice, or within 30 days after receipt by the individual of notice of termination proceedings under state law, whichever is earlier. *See* 29 U.S.C. §§ 626(d)(2) and 633(b).

**13.** Petrelli's EEOC filing stated: "the Civil Service Commission is applying an Age Restriction [sic] that was not in effect on March 3, 1983, in violation of the [ADEA], because of my age (41)." Exh W. His federal complaint states: "[Mount Vernon has, in willful violation of the [ADEA], followed a practice of refusing to hire as police officers persons who are 29 years of age or older at the time of their application." Exh. B at ¶ 8.

**14.** Petrelli seeks both compensatory and liquidated damages, and punitive damages. However, the ADEA limits the kinds of damages available for non-willful violations of the ADEA. *See* 29 U.S.C. § 626(b); *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 147–148 (2d Cir.1984). For willful violations of the ADEA, the statute allows liquidated or double damages, which are considered punitive in nature. *See*

*Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985). I do not find that Mount Vernon's actions were willful, that is, that Mount Vernon "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA." *See id.* at 128, 105 S.Ct. at 625. There is no evidence that Mount Vernon acted other than in good faith. Consequently, Petrelli is not entitled to liquidated damages.